IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JERMAINE BRINKLEY, | § | |
| | § | No. 371, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1412017874 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: November 21, 2023
Decided: January 10, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>ORDER</u>

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Superior Court's order, dated September 13, 2023, summarily dismissing the appellant's second motion for postconviction relief. Contrary to his claim on appeal, the appellant has not pleaded circumstances under Rule 61(d)(2)(i) that overcome the procedural bars set forth in Rule 61(i)(1) and (i)(2).[1] The appellant pleaded guilty, and his assertion that he has new evidence that

---

[1] *See* DEL. SUPER. CT. R. CRIM. PROC. 61(i)(5) ("The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.").

law enforcement illegally or improperly used cell-site simulators or related devices[2] to gather evidence against him, even if true, does not create a "strong inference" that he is "actually innocent in fact of the acts underlying the charges of which he was convicted."[3]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] *See* Brian L. Owsley, *Triggerfish, Stingrays, and Fourth Amendment Fishing Expeditions*, 66 HASTINGS L.J. 183, 185 (2014) (explaining that Stingray, Triggerfish, Kingfish, and Harpoon are "brand names of similar devices," known more broadly as "cell site simulators," that "deceive[] nearby cell phones into believing that the device is a cell tower so that the cell phone's information is then downloaded into the cell site simulator"); *see also* Shawn Marie Boyne, *Stingray Technology, the Exclusionary Rule, and the Future of Privacy: A Cautionary Tale*, 119 W. VA. L. REV. 915, 917 & n.11 (2017) (similarly identifying the devices and stating that "[u]sing so-called StingRay tracking devices, government agencies may track the location of a particular cellphone, access content such as text messages, as well as record phone conversations").

[3] DEL. SUPER. CT. R. CRIM. PROC. 61(d)(2)(i).